IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE GISELE KAMANOU GOUNE, | : |
| Plaintiff, | : Civil Action No. |
| v. | : **08 CIV. 7153** |
| SWISS INTERNATIONAL AIR LINES, | : ROBINSON |
| Defendant. | : |

### NOTICE OF AND PETITION FOR REMOVAL

**TO THE HONORABLE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendant, SWISS INTERNATIONAL AIR LINES LTD., hereby files this Notice of and Petition for Removal of this action from the Supreme Court of New York, Westchester County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, in support thereof, avers as follows:

### CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1.  As appears from the Summons and Complaint, the above-captioned action was commenced by the filing of Complaint on or about June 30, 2008. Upon information and belief, the Summons and Complaint annexed hereto constitute all process, pleadings and orders allegedly served upon any other party in this action (*A true and correct copy of the Summons and Complaint are attached as Exhibit "A".*)

2. On or about July 10, 2008, Plaintiff served SWISS INTERNATIONAL AIR LINES LTD. with copies of the Summons and Complaint *via* mail.

3. No further proceedings have been had in the Supreme Court of New York, Westchester County, in connection with the above-captioned action.

4. This is a civil action alleging injuries resulting from plaintiff's attempt to board a Swiss International flight LX 273 on August 31, 2007.

5. Upon information and belief, at the time of the filing of the Notice of Removal and at the time of the commencement of this action, the claims alleged in the Summons and Complaint arise under a Treaty of the United States, i.e., *the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Signed at Warsaw on 12 October 1929*, 49 Stat. 3000 (1934), as amended and supplemented by the *Hague Protocol*, 478 U.N.T.S. 371 (1995) and *Montreal Protocol No. 4*, reprinted in Senate Executive Report No. 105-20, at 21-32 (1998), (commonly known as the Warsaw Convention).

6. This action is one over which this Court has original jurisdiction under the provisions of Title 28, United States Codes, Section 1331, and is one which may be removed to this Court by defendant, SWISS INTERNATIONAL AIR LINES, LTD., pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action on a claim or right arising under the Constitution, treaties or laws of the United States.

7. The Complaint purports to set forth claims: (1) breach of contract, physical and emotional distress, enormous frustration and physical exhaustion, and risk of life and limb (Count I); loss of professional reputation and detriment to career (Count II); emotional distress as to her daughter based on her missing school and orientation (Count III); failure to pay bills and detriment to credit score (Count IV); and Punitive Damages (Count IV).

## OTHER ISSUES

8. This Notice of Removal is timely filed within thirty (30) days of the receipt of the Summons and Complaint in this action by the defendant, SWISS INTERNAIONAL AIR LINES, LTD. See *28 U.S.C. § 1146(b)*.

9. A true and correct copy of this Notice of Removal to Federal Court will be filed with the Clerk of the Supreme Court of New York, Westchester County, as provided by 28 U.S.C. § 1446.

10. Written notice of the filing of this Notice of Removal will be served upon Plaintiff who represents herself *pro se*.

## CONCLUSION

**WHEREFORE**, defendant, SWISS INTERNATIONAL AIR LINES, LTD., prays that the above action now pending against it in the Supreme Court of the State of New York, Westchester County, be removed therefrom to this Court.

Dated: White Plains, New York
August 11, 2008

Respectfully Submitted,

*/Geraldine Cheverko*

Geraldine A. Cheverko [gac1747]
Attorney for Defendant
**SWISS INTERNATIONAL AIR LINES LTD.**
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 1061
White Plans, New York 10606
(914) 949-2909
(914) 949-5424 fax
gcheverko@eckertseamans.com

{V0007341.1}

## CERTIFICATE OF SERVICE

I, Geraldine A. Cheverko, hereby certify that on August 11, 2008, I caused a true and correct copy of the foregoing **NOTICE OF AND PETITION FOR REMOVAL** to be served upon the plaintiff who is representing herself *pro se*:

Marie Gisele Kamanou-Goune
23 Muir Place
New Rochelle, New York 10801

                                                                               s/ Geraldine A. Cheverko

Rcvd by mail
7/10/08
3:20 pm

Instructions: Fill in the names in the box below, the Index Number and the date the index number was purchased. Complete all blanks in accordance with the directions set forth in bold print.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------x

MARIE GISELE KAMANOU GOUNE
[YOUR NAME(S)]   Plaintiff(s),

- against -

SWISS International Air LINES
[NAME(S) OF PERSON(S) SUED] Defendants.

-------------------------------------x

Index No. 14480/08

Date Index No. Purchased:

**SUMMONS**

FILED
JUN 30 2008
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: 30 JUNE, 2008
       [DATE OF SUMMONS]

Marie-Gisele Kamanou Goune
[YOUR NAME(S)]

23 Muir Place, New Rochelle
NY 10801 Tel- 914 740 3666
[YOUR ADDRESS(ES) & PHONE NUMBER(S)]

Defendant's Address 776 Rex Corp plaza, Uniondale, NY 11556
[ADDRESS(ES) OF PERSON(S) SUED]

Venue: Plaintiff(s) designate(s) Westchester County as the place of trial. The basis of this designation is [Check One]
X  Plaintiff(s)' Residence in Westchester County
___ Defendant(s)' Residence in Westchester County
___ Other -- Describe:

NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT

07/16/2008  11:48   5162474844          SWISS INTL                    PAGE 03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHETER
---------------------------------------x
Marie-Gisele Kamanou-Goune,

                    Plaintiff,

     -against-

Swiss International Air Lines

                   Defendant.
---------------------------------------x

Index No.

**COMPLAINT**

RECEIVED
JUN 3 0 2008
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, Marie-Gisele Kamanou Goune, respectfully shows and alleges as follows:

1. The plaintiff herein, Marie-Gisele Kamanou Goune, is resident of the State of New York. Ms. Kamanou-Goune resides at 23 Muir Place, New Rochelle, N.Y. She has a daughter named Sydney Djotita Goune, born on 13 September 2002.

2. The defendant herein, Swiss International Air Lines, has a principal place of business at 776 RexCorp Plaza, Uniondale, NY 11556

3. Plaintiff Kamonou Goune is an employee of the United Nations. On August 6 2007, Plantiff, Kamanou Goune purchased two round trip electronic tickets on Swiss International Air Lines for Sydney Djotita and herself to travel between Paris and Douala on Official duties for the period 14 – 31 August 2007.

4. Plaintiff Kamanou Goune and daughter Djotita Goune flew from NY to Paris on 10 August 2007 on American Airline flight AA120. They took Swiss International flights LX 633 and LX 272 of 14 August 2007 from Paris to Zurich and from Zurich to Douala respectively.

5. On 31 August at about 7:30 pm, plaintiff and daughter Djotita Goune checked in at Douala airport on Swiss International flight LX 273. However Swiss International agents refused to let Plaintiff and her daughter board the plane at the gate. Swiss international made claims that Djotita Goune was not the same person shown on her passport. Swiss International alleged that plaintiff Kamanou Goune left the person with whom she traveled to Douala on 14 August and took another child in place.

6. Swiss International Airlines asked plaintiff Kamanou Goune to go to the Cameroon Police at the Airport. It was past 12:00 midnight on 1 September. Daughter Djotita Goune was sleeping. By the time plaintiff arrived at the Police Office the plane has departed. The police Officer asked plaintiff to go back to the airline officers.

7. Plaintiff Kamanou Goune went to the airline office at the airport. It was about 1:30 am when airline officers asked plaintiff to leave their office for them to close the office.

8. The airline provided no assistance to plaintiff but asked her to go to the US Embassy in another city, Yaounde, to request a letter from the US Embassy

that would verify and attest that Djotita Goune is the person shown in her passport. Airline also asked plaintiff to pick up her luggage that were also removed from the plane.

9. Plaintiff had no one to help collect her 5 pieces of luggage. She collected her luggage the following day and two pieces of the luggage were missing. Plaintiff spent the entire night at the airport with her daughter because she had no money to take a taxi and also because it was very unsafe to take a taxi at 3:00 am. Plaintiff stayed outside the police office.

10. On September 1, Plaintiff went to the airline office in town and met with Mr. Yannick Mr. Aplogan, Directeur General of the Swiss International Air Lines in Cameroon. Mr. Aplogan took a copy of the child's passport and told plaintiff that the US Embassy will give her a letter to enable Djotita Goune to travel. Mr. Aplogan assured plaintiff that the Embassy always gives a "Letter of Transport" to US citizens.

11. On September 4, Plaintiff traveled to Yaounde, about 600 miles from Douala and went to the American Embassy. Plaintiff met with the US Consular who told her that they never give any letter to a passenger to enable them to travel. The Consular added that Djotita Goune's passport is a valid US passport and that it is the only document she needs to travel back to the US.

12. Plaintiff returned to Douala the same day and went to the Airline Office. Plaintiff explained to Mr. Agplogan that the US Embassy said they do not give letter of transport to airline passengers. But Mr. Aplogan still retained his position that Djotita cannot travel on their flight.

13. On 4 September, Plaintiff purchased two airline tickets on Air France and flew back to the US on 5th September. Plaintiff and daughter Djotita Goune took a connecting flight from Paris to New York only on 9 September, the earliest date possible.

14. By reasons of the facts and circumstances state above, defendant breached the terms of contract the plaintiff entered with Swiss International Air Lines when she purchased the two airline tickets on 6 August 2007

15. By reasons of the facts and circumstances state above and by the actions of the defendant, Plaintiff Kamanou Goune and daughter Djotita Goune have suffered considerable physical and emotional distress and financial costs.

16. By reasons of the facts and circumstance state above, plaintiff and her daughter Djotita Goune suffered an enormous frustration at the airport and physical exhaustion from the time we arrive at the airport for check in on 31 August at 7:30 pm until the next morning.

17. As a result of the defendant's actions, plaintiff and then 4 year old Djotita Goune spent the entire evening and night of 31 August without having anything to eat and risked their life by spending the night outside at Douala airport.

18. As a consequence of the Defendant's actions, plaintiff has been damaged in the sum of Fifty Thousand ($50,000.00) Dollars and Djotita-Goune has been damaged in the sum of Fifty Thousand ($50,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff repeats and restates the allegations set forth in paragraphs 1-18 as if set forth at length herein.

20. Plaintiff was forced to delay her return to work and failed to meet critical deadlines at work. Plaintiff was also forced to postpone several other deadlines causing serious disruption in her work as well as in that of her colleagues.

21. As a result of the defendant's actions, the credibility of plaintiff at work was severely tarnished and her professional reputation damaged.

22. By reasons of the facts and circumstances state above, Plaintiff's development career has been affected and Plaintiff did not received an advancement in her career as she had hoped to receive this year.

23. As a consequence of the defendant's actions, plaintiff has been damaged in the sum of Fifty Thousand (100,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

24. Plaintiff repeats and restates the allegations set forth in paragraphs 1-18 as if set forth at length herein.

25. As a result of the Defendant's actions, plaintiff's daughter Djotita Goume missed the first week of class and missed the orientation which was important to help her get familiar with the school and her teachers.

26. As a consequence of the defendant's actions, plaintiff's daughter has been damaged in the sum of Five Thousand (5,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

27. Plaintiff repeats and restates the allegations set forth in paragraphs 1-18 as if set forth at length herein.

28. As a result of the defendant's actions, plaintiff missed payment on all her bills, including credit card bills, causing plaintiff to pay high delinquent fees and to lose the promotional APR she was entitled for on her credit cards.

29. As a consequence of the defendant's actions, plaintiff's credit score was seriously affected and plaintiff subsequently was not qualified for any of the loan applications she submitted to several loan companies this year.

30. As a consequence of the defendant's actions, plaintiff has been damaged in the sum of Five Thousand (150,000.00) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

31. Plaintiff repeats and restates the allegations set forth in paragraphs 1-30 as if set forth at length herein.

32. Defendant is liable in punitive damages to plaintiff.

33. Defendant is liable in punitive damages to plaintiff in the amount of Four Hundred Thousand ($400,000.00) Dollars.

WHEREFORE, plaintiff demands judgment of the defendant as follows:

a. on the plaintiff's first cause of action in the sum of One Hundred Thousand ($ 100,000.00) Dollars,

b. on the plaintiff's second cause of action in the sum of One Hundred Thousand ($ 100,000.00) Dollars,

    c. on the plaintiff's third cause of action in the sum of Five Thousand ($ 5,000.00) Dollars,

    d. on the plaintiff's fourth cause of action in the sum of fifty Thousand ($ 150,000.00) Dollars,

    e. on the plaintiff's fifth cause of action in the sum of Three Hundred Thousand ($ 400,000.00) Dollars,

    f. Together with the costs, disbursements and interest as provided by statutes.

Dated: June 30 2008

*GK*

Marie-Gisele Kamanou-Goune

Plaintiff,

23 Muir Place, New Rochelle, NY 10801

Tel. (914) 740 3666