ORIGINAL

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE GISELE KAMANOU GOUNE,

    Plaintiff,

v.

SWISS INTERNATIONAL AIR LINES,   :   Docket No.: 08-cv-07153 (SCR)

    Defendant.

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

ECKERT SEAMANS CHERIN & MELLOTT, LLC
10 Bank Street, Suite 1061
White Plains, New York 10606
(914) 949-2909

{V0010283.1}

## PRELIMINARY STATEMENT

Plaintiff, Marie Gisele Kamanou Goune, has filed suit against SWISS INTERNATIONAL AIR LINES LTD. ("Swiss"), because her daughter was denied boarding on a flight when the attendant could not identify the plaintiff's daughter based upon the passport that was presented. From this required security measure, Plaintiff asserts numerous claims seeking $750,000.00 in damages on her behalf and $105,000.00 in damages on her daughter's behalf. The causes of action range from breach of contract, to loss of professional reputation, to detriment to career, to emotional distress as to her daughter. Punitive damages are also demanded.

The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to join her daughter who is an indispensible party under Fed. R. Civ. P. 19. In the alternative, Swiss moves for an Order dismissing all of plaintiff's claims with the exception of the breach of contract claim.

## STATEMENT OF FACTS

The following is a summary of the allegations contained within Plaintiff's in the Complaint. On August 6, 2007, plaintiff purchased two round trip electronic tickets on Swiss for Sydney Djotita (her daughter) and Plaintiff to travel between Paris and Douala (See Plaintiff's Complaint "Pl.'s Complaint", at ¶3). On August 31, 2007, Plaintiff and her daughter, Djotita Goune checked in at Douala Airport on Swiss International Flight LX 273 (See id. at ¶5). However, after checking in, a Swiss agent refused to let Plaintiff and her daughter board the plane at the gate (See id. at ¶5). Swiss claimed that Djotita Goune was not the same person shown on her passport (See id. at ¶5). Swiss alleged that Plaintiff left the person with whom she traveled to Douala on August 14, 2007 and took another child in place (See id. at ¶5). Swiss asked the plaintiff to go to the United States Embassy in Yaounde to request a letter from the Embassy that would verify and attest that Djotita Goune was

indeed the person shown in the passport (See id. at ¶8). On September 1, 2007, Plaintiff went to the Airline Office in Cameroon at which time her daughter's passport was copied (See id. at ¶10). She was again asked to go to the Embassy to get a Letter of Transport enabling her daughter to travel (See id. at ¶10).

On September 4, 2007, Plaintiff traveled to the Embassy in Yaounde (See id. at ¶11). Plaintiff met with the US Consular who told Plaintiff that they never gave letters to passengers to enable them to travel and that the passport is the only document her daughter needed to travel back to the United States (See id. at ¶11). Plaintiff returned to the Airline Office on that same day but, without the letter from the Embassy, she was again advised that her daughter could not travel with Swiss (See id. at ¶12).

On September 4, 2007, Plaintiff and her daughter purchased airline tickets on Air France and flew back to the United States on September 5, 2007 (See id. at ¶13).

**ARGUMENT**

I.  **THE STANDARD OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Such a motion is addressed solely to the face of a pleading, and "the court's function ... is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 607 (E.D.N.Y. 1993) (quoting *Goldman v. Belden*), 754 F.2d 1059, 1067 (2d Cir. 1991)). The function of a motion to dismiss is to test the adequacy of the statement of a claim for relief made in any pleading. A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) as a matter of law for either of two reasons: (1) lack of a cognizable legal theory, or (2) failure to allege sufficient facts under a cognizable theory. See *Telectronics Proprietary, Ltd. v. Medtronic,*

*Inc.*, 687 F. Supp. 832, 836 (S.D.N.Y. 1988). As argued below, Plaintiff's Complaint must be dismissed because it fails to meet the requisite standards.

II. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BASED UPON HER FAILURE TO JOIN HER DAUGHTER WHO IS AN INDISPENSIBLE PARTY UNDER FED. R. CIV. P. 19.**

The absence of Plaintiff's daughter as a plaintiff violates Fed. R. Civ. P. 19's requirement that all necessary and indispensable parties must be joined when feasible or the case must be dismissed. A party is "necessary" and must be joined under Rule 19(a) if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a); see also *Jonesfilm v. Lion Gate Intern*, 299 F.3d 134, 139-40 (2d Cir. 2002) ("A party cannot be indispensable unless it is a "necessary party" under Rule 19(a).").

In determining whether a party is indispensable, the rule requires the court to consider:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b) Additionally, the Court must consider whether dismissing an action "pursuant to Rule 19(b) is [in] the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Smith v. Kessner*, 183 F.R.D. 373, 376 (S.D.N.Y.

1998) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)). Finally, the court should consider the overall policy considerations which underlie Rule 19, which are "(1) avoidance of unnecessary or multiple litigation; (2) providing complete relief to the parties before the court; and (3) protection of the rights and interests of any absent parties." *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1023 (S.D.N.Y. 1973).

Plaintiffs' causes of action all center around her daughter being denied boarding by Swiss at Douala airport. In addition, Plaintiff demands damages based on her daughter's alleged emotional distress. However, to allow Plaintiff to recover on her daughter's behalf without naming her daughter as a Plaintiff, risks multiple actions and recoveries based on the same occurrence. Thus, the action must be dismissed because her daughter, who is a necessary and indispensible party to this litigation was not named as a plaintiff.

### III. PLAINTIFF'S CAUSES OF ACTION FOR EMOTIONAL DISTRESS, CONSEQUENTIAL DAMAGES AND PUNITIVE DAMAGES SHOULD BE DISMISSED.

Plaintiffs filed this action seeking damages for breach of contract, contending that Swiss's breach of the electronic ticket caused: (1) emotional distress, enormous frustration and physical exhaustion, and risk of life and limb (Count I) (Pl.'s Complaint, at ¶¶15, 16 & 17); (2) loss of professional reputation and detriment to career (Count II) (Pl.'s Complaint, at ¶¶21 - 22); emotional distress as to her daughter based on her daughter's missing one week of school and orientation (Count III) (Pl.'s Complaint, at ¶¶24 – 25); that she was unable to pay bills because of the non-performance and this adversely affected her credit score (Count IV) (Pl.'s Complaint, at ¶¶28-29); and punitive damages (Count IV) (Pl.'s Complaint, at ¶¶32-33).

A.  **Claims for Emotional Distress**

Under New York law, it is "generally held that emotional and mental distress is not compensable in a breach of contract action." *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 945 F. Supp. 693, 724 (S.D.N.Y. 1996) (quoting *Martin v. Donald Park Acres at Hasting, Inc.*, 54 A.D.2d 975, 975, 389 N.Y.S.2d 31, 32 (2d Dep't 1976)) (additional citations omitted); *Geler v. Nat'l Westminster Bank, USA*, 770 F. Supp. 210, 215 (S.D.N.Y. 1991) (emotional distress not a proper item of damages for breach of contract, even if the contract was breached in bad faith); *Tate v. Metropolitan Life Insurance Co.*, 186 A.D.2d 859, 859, 587 N.Y.S.2d 813, 813 (3d Dep't 1992)(damages for emotional distress unavailable in breach of contract action); see also, *Fleming v. Allstate Ins. Co.*, 106 A.D.2d 426, 426-27, 482 N.Y.S.2d 519 (2d Dept. 1984) affd 66 NY2d 838, cert denied 475 US 1096) ("plaintiffs' requests for (1) damages for emotional distress and (2) punitive damages, must be stricken from the complaint. It is beyond cavil that a plaintiff cannot, in an action for breach of contract, recover damages for emotional distress.").

Plaintiff's action is based upon a breach of contract claim relating to the electronic tickets that she purchased for her and her daughter on August 6, 2007. Because the action is based upon a breach of contract, Plaintiff's causes of action for emotional distress, namely, Counts One and Three must be dismissed. In addition, Count Three, which is a cause of action relating to her daughter's emotional distress must be dismissed as her daughter is not a party to this action and the action was not brought on her daughter's behalf. No New York State substantive law or statute confers an enforceable right on *plaintiff* to maintain an action in *her* name for damages allegedly sustained by her daughter as a result of a denied boarding occurrence at Douala airport.

### B. <u>Claims for Punitive Damages</u>

"To be awarded punitive damages for breach of contract, a party must show that: such damages are necessary to vindicate a public right; the misconduct is egregious and may be characterized as "gross" and "morally reprehensible"; or the misconduct involves "such wanton dishonesty as to imply a criminal indifference to civil obligations." *Ladenburg v. Imaging Diagnostic Systems, Inc.*, 176 F. Supp. 2d 199, 207, 2001 U.S. Dist. LEXIS 20391 (S.D.N.Y. 2001); <u>see</u> <u>also</u> *Lovely People's Fashion v. Magna Fabrics*, No. 95 Civ. 8450 (AGS) (THK), 1998 U.S. Dist. LEXIS 11197, 1998 WL 422482, at *8 (S.D.N.Y. July 22, 1998) (stating that, in New York, "the purpose of [punitive] damages is to vindicate public rights, not to remedy private wrongs" and may be recoverable "where a defendant has engaged in egregious conduct that can be characterized as gross and morally reprehensible"); <u>see</u> <u>also</u>, *Fleming v. Allstate Ins. Co.*, 106 A.D.2d 426, 426-27, 482 N.Y.S.2d 519 (2d Dept. 1984) <u>affd</u> 66 NY2d 838, cert denied 475 US 1096) ("plaintiffs' requests for (1) damages for emotional distress and (2) punitive damages, must be stricken from the complaint. . . . With respect to the issue of punitive damages, it has been consistently held that plaintiffs may not recover such damages without submitting factual allegations that defendant, in its dealings with the general public, engaged in a fraudulent scheme which demonstrates "such wanton dishonesty as to imply a criminal indifference to civil obligations").

Plaintiff's daughter was denied boarding because the picture on her daughter's passport did not match the child presented to the agent at the boarding gate. This is not egregious, nor gross or morally reprehensible. Instead the issue of ensuring that a child is not brought on a flight with another child's passport is a valid security concern. Furthermore, Plaintiff has not

identified any public right which would justify punitive damages in this breach of contract action. Plaintiff's Fifth Cause of Action must be dismissed.

### C. Alleged Damages to Plaintiff's Career and Credit

With regard to plaintiff's claim for loss of professional reputation and "detriment to career" as well as her claims that that she was unable to pay bills because of the non-performance which adversely affected her credit score, the Court of Appeals has held that:

> It is well established that in actions for breach of contract, the non-breaching party may recover general damages which are the natural and probable consequence of the breach. '[I]n order to impose on the defaulting party a further liability than for damages [which] naturally and directly [flow from the breach], i.e., in the ordinary course of things, arising from a breach of contract, such unusual or extraordinary damages must have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting'. In determining the reasonable contemplation of the parties, the nature, purpose and particular circumstances of the contract known by the parties should be considered as well as 'what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made'.

*Kenford Co. v. County of Erie*, 73 N.Y.2d 312, 319, 540 N.Y.S.2d 1 (1989) (internal citations omitted).

Any alleged damage to Plaintiff's career or any alleged loss of professional reputation cannot be a natural and probable consequence of denying boarding on an airline. Neither these losses to Plaintiff's professional reputation nor her alleged bill-paying problems or credit woes are a natural or probable consequence of any alleged breach in this action. Accordingly, Plaintiff's causes of action for loss of professional reputation and detriment to career (Count Two) and the cause of action stating that she was unable to pay bills because of the non-performance and that this adversely affected her credit score (Count Four) must be dismissed.

## CONCLUSION

For the foregoing reasons, Swiss respectfully requests that the Court grant its motion to dismiss in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
August 15, 2008

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Geraldine Cheverko*
By: Geraldine A. Cheverko
*Attorneys for Defendant*
SWISS INTERNATIONAL AIR LINES LTD.
Ten Bank Street, Suite 1061
White Plains, New York 10606

To: Marie Gisele Kamanou-Goune
*Pro Se Plaintiff*
23 Muir Place
New Rochelle, New York 10801
(914) 740-3666

{V0007341.1}