UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIE GISELE KAMANOU GOUNE,

                      Plaintiff,                    **REPORT AND RECOMMENDATION**

    -against-                                      08 Civ. 7153 (SCR) (GAY)

SWISS INTERNATIONAL AIRLINES,

                      Defendant.
------------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

On or about June 30, 2008, plaintiff Marie Gisele Kamanou Goune commenced this *pro se* action in Westchester County Supreme Court, alleging claims against defendant Swiss International Airlines ("Swiss Air") for breach of contract, loss of professional reputation, detriment to career, emotional distress and damage to credit score. She also demands punitive damages. Plaintiff's claims arose from Swiss Air's refusal to allow plaintiff's daughter to board a return flight from Douala, Cameroon.

Defendant promptly removed the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds that this Court has federal question jurisdiction because plaintiff's claims arise under a treaty of the United States commonly known as The Warsaw Convention, i.e. *the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Signed at Warsaw on 12 October 1929*, 49 Stat. 3000 (1934), as amended and supplemented by the *Hague Protocol*, 478 U.N.T.S. 371 (1995) and *Montreal Protocol No. 4*, reprinted in Senate Exec. Report No. 105-20, at 21-32. On or about August 15,

2008, defendant filed a Notice of Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), on the ground that plaintiff has failed to join her daughter who is an indispensable party under Rule 19 of the FRCP or, alternatively, on the grounds that all claims should be dismissed except for plaintiff's breach of contract claim.

On or about October 2, 2008, plaintiff responded to the Motion to Dismiss. Included in her opposition is an argument that defendant's "petition for removal" should be denied on the ground that the Warsaw Convention is inapplicable to plaintiff's claims. Defendant has properly construed plaintiff's argument as a Motion to Remand. In its reply papers, defendant essentially reiterates the grounds for its motion to dismiss, but defendant also argues that plaintiff's motion to remand should be denied as untimely because it was not filed within thirty days of removal.

Presently before this Court, therefore, are (1) defendant's motion to dismiss and (2) plaintiff's motion to remand. For the reasons that follow, I respectfully recommend that plaintiff's motion to remand should be granted and defendant's motion to dismiss should be denied for lack of jurisdiction.

**I.  BACKGROUND**

The following facts are taken from plaintiff's complaint:

Plaintiff, a United Nations employee, resides in the State of New York. Swiss Air operates an airline for the international carriage of passengers. On August 6, 2007, plaintiff purchased two round trip electronic tickets from Swiss Air for herself and her daughter, Sydney Djotita Goune, to travel from Paris to Douala, Cameroon on official

duties. On August 10, 2007, they took an American Airlines flight from New York to Paris. On August 14, 2007, they flew on Swiss Air from Paris to Douala (via Zurich).

On the evening of August 31, 2007, at approximately 7:30 p.m., plaintiff and her daughter checked in at the Douala airport for their return flight to Paris. A Swiss Air agent refused to allow plaintiff's daughter to board the plane, claiming that the photo in her passport was not of the same child present at the boarding gate. The agent referred plaintiff to the Cameroon Police, who in turn referred plaintiff back to the Swiss Air office. By the time plaintiff returned to the Swiss Air office, it was approximately 1:30 a.m. and an office employee asked plaintiff to leave so that the office could close.

The next day, September 1, 2007, plaintiff traveled to the Swiss Air office in town. Swiss Air's Director General in Cameroon, Mr. Agplogan, instructed plaintiff to travel to the United States Embassy in the city of Yaounde to obtain a "Letter of Transport" to enable plaintiff's daughter to travel. He assured plaintiff that the Embassy always provides said letter upon request to U.S. citizens. Plaintiff traveled approximately 600 miles to the Embassy, where the U.S. Consular informed her that there was no such thing as a "Letter of Transport." The Consular explained that Djotita Goune's passport was valid and that it was the only document she needed to travel to the U.S.

Plaintiff returned to Douala and informed Mr. Agplogan that her daughter's passport was valid and that there was no "Letter of Transport" available at the U.S. Embassy. Mr. Agplogan again refused to allow Djotita Goune to travel on a Swiss Air flight. On September 4, 2007, plaintiff purchased tickets through another airline for herself and her daughter to travel from Douala to Paris.

**II. MOTION TO REMAND**

3

A. <u>Timeliness</u>

Plaintiff moves for remand on the ground that the Warsaw Convention does not apply to her claims. Defendant opposes remand on the ground that plaintiff's motion was not filed within thirty days of removal and, thus, is untimely under 28 U.S.C. § 1447(c). Defendant is incorrect. Section 1447(c) states, in relevant part, that

> [a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Pursuant to the plain language of § 1447(c), "all motions for remand–*except those based on lack of subject matter jurisdiction*–must be made within 30 days after removal or they are waived." See <u>Hamilton v. Aetna Life and Cas. Co.</u>, 5 F.3d 642, 643 (2d Cir. 1993 ) (per curiam) (emphasis added). Here, plaintiff clearly argues–although slightly inartfully–that the instant case should be remanded because this Court lacks subject matter jurisdiction. Thus, plaintiff's motion for remand is, quite obviously, timely. In any event, for the reasons that follow, this Court is unpersuaded that the Warsaw Convention applies to the instant claims. Accordingly, apart from plaintiff's motion, this Court is obliged to consider the question of federal subject matter jurisdiction *sua sponte*. See <u>Mignogna v. Sair Aviation, Inc.</u>, 937 F.2d 37, 40 (2d Cir. 1991).

B. <u>Subject Matter Jurisdiction</u>

Defendant bears the burden of demonstrating that the requirements of removal have been met. See <u>Blockbuster, Inc. v. Galeno</u>, 472 F.3d 53, 57 (2d Cir. 2006) (party seeking to sustain removal bears burden of demonstrating proper removal). Plaintiff's

4

complaint asserts only a state law breach of contract claim, and seeks various damages flowing therefrom.  Defendant asserts that the action is removable on the basis of federal question jurisdiction because a United States treaty–specifically, the Warsaw Convention–applies to the claims.  A federal court may exercise federal question jurisdiction over a state law claim if "complete preemption" exists, such that "the preemptive force of federal law is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 304 (2d Cir. 2004) (internal quotations omitted).

     Defendant asserts that the Warsaw Convention applies to plaintiff's claims.  However, on July 31, 2003, the United States Senate ratified the Montreal Convention, formally known as the *Convention for the Unification of Certain Rules for International Carriage by Air*, May 28, 1999, S. Treaty Doc. 106-45.  See 149 Cong. Rec. S10869 (2003).  "{T]he Montreal Convention is an entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention."  Ehrlich v. American Airlines, Inc., 360 F.3d 366, 371 n.4 (2d Cir. 2004).  The question of the applicability of the Montreal Convention to plaintiff's claims, rather than the Warsaw Convention, does not change the analysis in this case, because the preemptive effect and relevant damage provisions of both Conventions are substantially similar.  See In re Nigeria Charter Flights Contract Litigation, 520 F. Supp.2d 447, 452-53 (E.D.N.Y. 2007).  Further, "the case law regarding a particular provision of the Warsaw treaty applies with equal force regarding its counterpart in the Montreal treaty."  Best v. BWIA West Indies Airways Ltd., 581 F. Supp.2d 359, 362 n.1 (E.D.N.Y. 2008).

The Montreal Convention is considered federal law for subject matter jurisdiction purposes and is the supreme law of the land.  See id. at 362.  The Montreal Convention preempts all state law claims that fall within its scope.  See In re Nigeria, 520 F. Supp.2d at 453.  In determining whether a claim falls within the scope of the Convention, courts "are directed to look to [its] liability provisions."  See King v. American Airlines, Inc., 284 F.3d 352, 358 (2d Cir. 2002).  Only one of the Convention's three liability provisions is implicated here: Article 19, which governs claims arising from delay in international air transportation.[1]

Here, plaintiff alleges non-performance of the contract rather than delay.  "The plain language of Article 19 of the Montreal Convention indicates that it governs claims for delay, not nonperformance.  Moreover, as the Seventh Circuit explained, the drafting history of the Warsaw Convention's Article 19–whose pertinent language is identical to its Montreal Convention counterpart–indicates that it was not intended to cover claims for nonperformance."  In re Nigeria, 520 F. Supp.2d at 455 (applying Wolgel v. Mexicana Airlines, 821 F.2d 442 (7th Cir. 1987)).  Nonetheless, where a plaintiff claims total nonperformance of the contract, courts scrutinize the facts to determine whether the claim, however founded, actually arose out of a delay in transportation.  Courts have construed nonperformance claims as sounding in delay where plaintiff was initially refused boarding but the defendant airline ultimately transported plaintiff on a later flight, see, e.g., Ikekpeazu v. Air France, No. 3:04cv00711, 2004 WL 2810063, at *1 (D. Conn. Dec. 6, 2004), and where defendant airline caused a passenger to miss a flight and the

---

[1] Article 17 addresses liability for bodily injury suffered by a passenger; Article 18 governs loss or destruction of luggage or other cargo.

6

passenger secured alternate transportation without waiting to see if defendant would transport him, see, e.g., Oparaji v. Virgin Atlantic Airways, Ltd., No. O4-CV-1554, 2006 WL 2708034, at *4 (E.D.N.Y. Sept. 25, 2006).

There are no factual allegations in the instant case which would militate in favor of finding a delay rather than nonperformance. Swiss Air clearly refused to allow plaintiff's daughter to board absent a supporting document from the Embassy. Plaintiff attempted to secure said document but was told by the Embassy that the requested document did not exist and that the passport alone was sufficient. Plaintiff relayed this information to Swiss Air, but was again unequivocally told that her daughter could not board. Based upon Swiss Air's words and actions, it was reasonable for plaintiff to believe that Swiss Air clearly refused to perform the contract. I conclude, therefore, that plaintiff's claims are not within the scope of the Montreal Convention and, thus, are not preempted by federal law.[2] Defendant has not proffered any other basis for federal subject matter jurisdiction. Accordingly, I conclude that the instant action was improperly removed because this Court lacks subject matter jurisdiction.

## III. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that plaintiff's motion to remand should be granted and defendant's motion to dismiss should be denied for lack of jurisdiction.

## IV. NOTICE

---

[2] The Court also notes, and is puzzled by, the fact that defendant's motion to dismiss relies solely on state law and fails to mention either Convention in any respect.

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated:   March 2nd, 2009
         White Plains, New York

Respectfully Submitted:

_____
GEORGE A. YANTHIS, U.S.M.J.